IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR A. JOE,

      Plaintiff,

vs.                                                                           No. CIV 04-0144 RB/WPL

INNOVATIVE HEALTH AT HOME, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants Innovative Health at Home ("Innovative Health") and Richard Zamora's Motion to Dismiss (Doc. 9), filed on April 8, 2005. Having reviewed the submissions of the parties and the relevant law, the Court finds that this motion should be granted as to the §1983 and Title VII claims, but denied as to the ADA claim.

**I.    Background.**

Joe filed this case pro se on February 10, 2004, asserting claims for violations of his federal civil rights and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, ("ADA"). Joe was employed by Innovative Health. In the body of his Complaint, Joe named Richard Zamora, "Executive Director" and "company owner" as a Defendant. Joe alleges that he was terminated from his employment with Innovative Health after Joe disclosed information about Joe's health problems to Zamora. Joe further alleges that Zamora harassed him on the basis of Joe's sexual orientation.

Defendants moved to dismiss on the grounds that (1) the complaint failed to state a claim under 42 U.S.C. §1983, (2) Joe failed to exhaust administrative remedies as required by the ADA,

(3) the individual claim against Zamora should be dismissed because Zamora was not named in the charge of discrimination, and (4) all claims other than the ADA claim should be dismissed as unexhausted.

On May 13, 2005, the motion to dismiss was granted because Joe failed to file a response in opposition to the motion and the record indicated that Joe had failed to exhaust administrative remedies. Joe filed a motion seeking relief from the final order on the grounds that he had been hospitalized, he was unable to appear in court, and his receipt of mail had been delayed. Based on these extraordinary circumstances, I set aside the final order and ordered Joe to respond to the motion to dismiss by July 18, 2005. Joe filed a timely response and submitted exhibits in support of his response.

**II.     Standard.**

As a pro se litigant, Joe is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, I may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); FED. R. CIV. P. 12(b)(6). When ruling on a motion

to dismiss pursuant to Rule 12(b)(6), I accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999).

**III.     Discussion.**

Defendants argue that the Complaint fails to state a claim under §1983 because Innovative Health is a private entity, Zamora is a private individual, and there are no allegations that they acted under color of state law. The requirement that defendants act "under color of state law" is jurisdictional for a § 1983 claim. *See* 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). The Complaint contains no allegations that either Defendant acted under color of state law. Accepting all the well-pleaded factual allegations of the Complaint as true and viewing them in the light most favorable to Joe demonstrates that the state action element of a §1983 claim has not been satisfied. Therefore, any §1983 claim will be dismissed for failure to state a claim.

Defendants contend that Joe failed to exhaust administrative remedies as required by the ADA. Joe has submitted documents indicating that he exhausted administrative remedies with respect to his ADA claim. In addition to his charge of discrimination, Joe has submitted a right to sue letter issued by the EEOC on November 20, 2003. The Complaint was filed within the ninety-day limitation period of the ADA. These exhibits establish that Joe exhausted his administrative remedies with respect to the ADA claim alleged in the administrative charge of discrimination. The motion to dismiss will be denied as to the ADA claim.

Zamora asserts that the individual claim against him should be dismissed because he was not named in the charge of discrimination. The notice of the charge of discrimination named Zamora as

a respondent.  Thus, the ground advanced by Zamora does not support dismissal. The ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.  *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  However, the Complaint identifies Zamora as the executive director and owner of Innovative Health.  Liberally construed and viewed in the light most favorable to Joe, the Complaint indicates that Zamora might qualify as a statutory employer.  Therefore, the individual ADA claim against Zamora will not be dismissed at this time.

Defendants argue that any employment discrimination claim, other than the ADA claim, should be dismissed because no other claims were identified in the charge of discrimination.  Broadly construed, the Complaint contains allegations of gender discrimination.  However, the administrative charge contained only an ADA disability discrimination claim.  Unexhausted Title VII claims are subject to dismissal.  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The motion to dismiss will be granted as to the Title VII gender discrimination claim because it was not identified in the charge of discrimination.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 9), filed on April 8, 2005, is **GRANTED AS TO THE §1983 AND TITLE VII CLAIMS, BUT DENIED AS TO THE ADA CLAIM.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**